**UNITED STATES of America**

v.

**Christopher J. SHEROD, Appellant.**

**No. 91–3083.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 5, 1992.

Decided April 17, 1992.

Rehearing and Rehearing En Banc Denied July 8, 1992.

John A. Briley, Jr., Washington, D.C. (appointed by the Court), for appellant.

Kenneth F. Whitted, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before: WALD, SENTELLE, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Christopher Sherod appeals from a judgment of conviction for possession with intent to distribute crack cocaine. He asserts that there was insufficient evidence to support the conviction and that the trial court erred by not granting a downward departure from the Sentencing Guidelines. We find that neither of those contentions is properly before us. As to the first, the defendant failed to renew his motion for

judgment of acquittal at the close of all evidence. As to the second, the trial court's decision is not appealable.

## I. BACKGROUND

On September 11, 1990, a federal grand jury returned an indictment charging Sherod with one count of distribution of cocaine base and one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At trial, the government called Officer Victor Graves of the Metropolitan Police Department, who testified that Sherod possessed drugs which he passed, through another person, to the codefendant, who in turn sold them to Officer Graves. After defendant's identification by Officer Graves, a search incident to arrest revealed 23.8 grams of pure cocaine and $189.00 in currency, $40.00 of it in prerecorded bills used by Officer Graves in the transaction. The government also introduced the expert testimony of Officer Stroud of the Metropolitan Police Department, who testified that the quantity of cocaine recovered was consistent with distribution, and had a $3160.00 retail street value. He also testified that it is common to have a "holder" of drugs who passes them, through a second person, to the person who consummates the drug transaction. Sherod moved the trial court for judgment of acquittal at the close of the government's case. The court denied the motion. Sherod put on evidence of his own, then rested without renewing his motion at the close of all the evidence. On November 6, 1990, the jury returned a verdict of guilty of possession with intent to distribute and not guilty of distribution.

At sentencing, Sherod offered a motion for a downward departure from the sentence calculated under the Federal Sentencing Guidelines, supported by an accompanying psychological evaluation purporting to demonstrate that he had "enormous potential for human development" and that his uncommon susceptibility for rehabilitation could be destroyed by a sentence within the applicable Guideline range of 78 to 97 months. The trial court rejected Sherod's contention that it should depart from the Guidelines and entered a sentence of 78 months of incarceration, four years of supervised release, and the payment of a statutory fifty dollar special assessment. Appellant filed a timely notice of appeal.

## II. ANALYSIS

### A. *The Insufficiency of the Evidence*

 Rule 29(a) of the Federal Rules of Criminal Procedure provides that a defendant may move at the close of the government's evidence for a judgment of acquittal based on the insufficiency of the evidence to support a conviction. Under the rule, if the motion is denied, the defendant may proceed to offer evidence of his own. That, of course, is what occurred in the present case. At the end of his own evidence, however, contrary to the usual practice, the defendant did not renew his motion for judgment of acquittal.

It is the universal rule in the federal circuits that "a criminal defendant who, after denial of a motion for judgment of acquittal at the close of the government's case-in-chief, proceeds to the presentation of his own case, waives his objection to the denial." *United States v. Foster*, 783 F.2d 1082, 1085 (D.C.Cir.1986) (en banc). Prior to *Foster*, we stood alone among the circuits in holding that "objection to denial of a motion for judgment of acquittal made at the close of the government's case-in-chief is not waived by the defendant's proceeding with the presentation of his evidence...." *Foster*, 783 F.2d at 1083 (citing *Cephus v. United States*, 324 F.2d 893, 895–97 (D.C.Cir.1963)). This non-waiver rule was announced as dicta in *Cephus* but adopted as a holding in *Austin v. United States*, 382 F.2d 129, 138 & n. 20 (D.C.Cir. 1967).

In *Foster* we noted that all eleven numbered circuits were "on record, in decisions subsequent to *Cephus*, as adhering to the waiver rule." 783 F.2d at 1085 & n. 1. In *Foster* we joined the other circuits. We did not, however, answer all related questions. Pertinent to this case, we expressly did "not address the question whether, after proceeding with his defense following denial of his mid-trial motion for acquittal, the

defendant must renew that motion at the close of all the evidence in order to preserve for appeal ... his objection to the sufficiency of all the evidence." *Id.* at 1086.

In *Foster* we expressly advised defense attorneys "to spare their clients at least the necessity of litigating this ... point" by "renew[ing] the motion at the conclusion of their case." *Id.* Sherod's attorney did not heed that advice. Sherod now litigates the reserved question, asking us to decide that he may still attack the sufficiency of *all* the evidence despite his failure to challenge that sufficiency by a properly timed motion. Today we address that question for the first time, and conclude that he may not.

Although we have not yet addressed the question, we noted in *Foster* that some other circuits already had. We cited, *e.g.*, *United States v. Kilcullen*, 546 F.2d 435 (1st Cir.), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1976), in which the First Circuit collected cases of its own and from several other circuits to the effect that the failure to renew the motion at the close of all the evidence "constitute[s] a waiver of the motion." 546 F.2d at 441.

After six years, it appears to us that every circuit that has addressed the question has agreed with the *Kilcullen* court. As one commentator has noted, not only is it "well-settled doctrine that if no motion for judgment of acquittal was made in the trial court, an appellate court cannot review the sufficiency of the evidence," but "if the defendant does move for acquittal at the close of the government's case, but

fails to renew the motion at the close of all the evidence, he has waived his earlier objection to the sufficiency of the government's evidence, and again there is nothing to review." C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 469. Indeed, the numbered circuits seem to be unanimous on this rule, with the sole exception of the Fourth Circuit, which is apparently silent.[1]

In light of the unanimity of authority, and the manifest attraction of the notion that we have nothing before us to review when no motion was made, we extend today our decision in *Foster* and join our sister circuits in ruling that when a defendant offers evidence in his defense after a Rule 29(a) motion, his objection to the denial is waived. He cannot thereafter successfully appeal his conviction based on insufficient evidence without renewal of the motion at the close of all evidence.

We recognize the possibility for injustice resulting from this rule. But, we also note that our sister circuits have safeguarded against this by adopting an exception to the rule where a refusal to consider the sufficiency of the evidence "would foster a manifest miscarriage of justice." *United States v. Perez*, 526 F.2d 859, 864 n. 7 (5th Cir.1976). In this case, as recited above, the evidence was substantial and this exception has no application. We have in fact examined the evidence with special care in our zeal to prevent injustice in the present case as this is the first in which we announce explicitly the ruling foreshadowed in *Foster*. We are satisfied that the evidence would be sufficient to have survived

---

1. *United States v. Kilcullen*, 546 F.2d 435 (1st Cir.), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1976); *United States v. Viale*, 312 F.2d 595 (2d Cir.), *cert. denied*, 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199 (1963) (The Second Circuit evidences at least one contra decision in *United States v. Kaplan*, 586 F.2d 980 (2d Cir. 1978), but this may be explained as an exercise of the court's power to notice plain error under Federal Rule of Criminal Procedure 52(b)); *United States v. Manos*, 340 F.2d 534 (3d Cir. 1965); [Fourth Circuit—silent]; *United States v. Sanders*, 639 F.2d 268 (5th Cir.1981); *United States v. Van Dyke*, 605 F.2d 220 (6th Cir.), *cert. denied*, 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979); *United States v. Childress*, 347 F.2d 448 (7th Cir.), *cert. denied*, 384 U.S. 1012, 86 S.Ct. 1936, 16 L.Ed.2d 1030 (1965); *Gendron v. United States*, 295 F.2d 897 (8th Cir.1961); *United States v. Larson*, 507 F.2d 385 (9th Cir.1974); *United States v. Parrott*, 434 F.2d 294 (10th Cir.), *cert. denied*, 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1970); and *United States v. Morris*, 623 F.2d 145 (10th Cir.), *cert. denied*, 449 U.S. 1065, 101 S.Ct. 793, 66 L.Ed.2d 609 (1980).

**Note**—Though the Eleventh Circuit is not listed here, it is bound by decisions of the Fifth Circuit handed down on or before September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). *United States v. Sanders, supra*, was decided March 12, 1981.

the motion even if defendant had made it at the proper time.

■ Indeed, Sherod's sufficiency argument is based on the novel theory that as the jury found him not guilty of distribution, the evidence that he distributed cocaine could not provide part of the foundation for the jury's verdict that he possessed the substance with the intent to distribute. While we may be indulging in overkill, we note that inconsistency in jury verdicts is no ground for review. *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *United States v. Laing*, 889 F.2d 281, 288 (D.C.Cir.1989) ("Jury verdicts are ... insulated from review on the grounds of inconsistency, and review is limited to determining whether there is sufficient evidence to support the conviction."). That the jury did not find the evidence of distribution sufficient to convince it beyond a reasonable doubt did not so sanitize that evidence that it could not in combination with other evidence support a verdict that the defendant possessed the cocaine with the intent to distribute.

## B. *Refusal to Make a Downward Departure in Sentencing*

■ We have reviewed appellant's other allegations of error, and find only one worthy of separate mention. Appellant argues that the court erred in refusing to make a downward departure based on the proffered psycho-educational evaluation. His argument relies solely on our decision in *United States v. Harrington*, 947 F.2d 956 (D.C.Cir.1991). At the time of filing of Sherod's original brief, we had not yet entered that decision. The district court in *Harrington* ruled that a defendant's evidence of successful post-offense efforts at drug rehabilitation warranted a downward departure from the Guideline range. *United States v. Harrington*, 741 F.Supp. 968 (D.D.C.1990). Sherod's brief relied on the district court's opinion.

After briefing but before oral argument in the present case, we decided *Harrington*, reversing the district court's decision as to the propriety of that evidence to support a downward departure. We remanded, however, directing the trial court to consider whether evidence of successful post-offense efforts at drug rehabilitation justified a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. At oral argument, appellant's counsel attempted to salvage what he could and still offers the psycho-educational evaluation as the basis for a departure. The *Harrington* decision does not help that argument, nor can we afford any relief.

Aside from the obvious factual difference that the defendant in *Harrington* had evidenced actual rehabilitation and Sherod merely offers psychological opinion that he could be rehabilitated, Sherod's reliance on that case evidences a confusion in Sentencing Guideline law. Our holding in *United States v. Harrington* relates to a two-level reduction pursuant to the above-cited section of the Guidelines for acceptance of responsibility. The *Harrington* defendant had done something which we held could constitute an acceptance. Sherod asks not for a reduction within the Guidelines, but a downward departure from the Guideline range. We have repeatedly held that "[d]ecisions not to depart downward from an applicable guidelines range" are generally unreviewable absent a mistake of law or an incorrect application of the Guidelines. *United States v. Ortez*, 902 F.2d 61, 63 (D.C.Cir.1990). The *Harrington* decision dealt with application of the Guidelines. Unlike departures, "incorrect application of the Sentencing Guidelines" is reviewable under an applicable statute, 18 U.S.C. § 3742(a). *Id.* Here the lower court made no mistake of law nor incorrect application of the Guidelines.

Again, Sherod asks us to review the unreviewable. Again, we must refuse.

## III. CONCLUSION

For the reasons set forth above, we conclude that an appeal based on insufficient evidence requires that the defendant's waived objection to a denied Rule 29(a)

motion must be renewed at the close of all the evidence, at least absent manifest injustice. We further conclude that the District Court's refusal to depart downward from the Guideline range is not properly before us.

In short, the judgment of the District Court is

*Affirmed.*