**UNITED STATES of America,
Appellee,**

v.

**Donell WAHL, Appellant.**

**No. 01–3063.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 22, 2002.

Decided May 17, 2002.

---

**372**

Edward C. Sussman, appointed by the court, argued the cause and filed the briefs for appellant.

Rhonda T. Redwood, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Roscoe C. Howard, Jr., U.S. Attorney, John R. Fisher and Thomas J. Tourish, Jr., Assistant U.S. Attorneys.

Before SENTELLE and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

A jury convicted Donell Wahl of one count of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and one count of using, carrying and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Wahl appeals, arguing that the government produced insufficient evidence to support findings that he constructively possessed a firearm and that he possessed the firearm in furtherance of a drug trafficking offense. Because Wahl failed to preserve his section 922(g) claim, and because the government produced sufficient evidence to support Wahl's 924(c)(1) conviction, we affirm.

## I. Facts

On January 13, 2000, Metropolitan Police Department officers executed a search

warrant at Donell Wahl's home in Northeast Washington, D.C. The police arrived at Wahl's apartment, knocked on the door and announced their presence. One of the officers then heard a person on the inside of the house move away from the door. At that time, the police forced open Wahl's door and entered his apartment.

Once inside, officers found Wahl standing with his left hand inside the videotape slot of a videocassette recorder ("VCR") housed in an entertainment center. The entertainment center was located approximately ten to twelve feet from the front door. One officer observed a handgun lying in plain view on top of the entertainment center. The police officers handcuffed Wahl and conducted a search of his apartment. From the main room in the apartment they recovered a 9-mm, loaded handgun from the top shelf of the entertainment center and a plastic bag protruding from the VCR's videotape slot. This bag contained forty-seven smaller ziplock bags which held a total of 5.6 grams of cocaine base. Police also recovered a small sum of money from in front of the VCR. Upon searching the rest of the apartment, they found two other occupants: a woman in the bedroom and a man in the bathroom. From the bedroom, police recovered .38 caliber ammunition, shell casings, marijuana, and $93 in cash. A search of the second man turned up a single ziplock bag of cocaine base. In the kitchen, officers found a paper bag containing two packs of empty ziplock bags.

## II. Proceedings Below

Wahl was charged with one count of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and one count of using, carrying and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). At trial, the parties stipulated to the facts that Wahl was previously convicted of a felony, the weapon recovered from Wahl's apartment was a 9-mm firearm, the firearm and ammunition were transported in interstate commerce, and no fingerprints were recovered from the firearm.

After the government rested its case, Wahl moved for a judgment of acquittal on all charges. See Fed.R.Crim.P. 29. The trial court took the motion under advisement as it related to the section 924(c)(1) charge, and denied it with respect to the remaining charges. See Fed.R.Crim.P. 29(b). Wahl then presented his evidence, which consisted of two witnesses who testified as to reputation in the community for truthfulness of one of the arresting officers. A jury convicted Wahl on all counts and thereafter the judge denied Wahl's reserved motion for judgment of acquittal on the section 924(c)(1) charge. This appeal followed.

## III. Analysis

### A. Waiver

As an initial matter, we address the government's contention that Wahl waived his insufficiency of the evidence argument on the section 924(c)(1) charge because he failed to renew his Rule 29 motion at the close of all the evidence. The government relies on our decision in United States v. Sherod, 960 F.2d 1075, 1077 (D.C.Cir. 1992), wherein we held that if a defendant offers evidence in his own defense after a judge denies his Rule 29 motion, then the defendant waives his objection to the denial (absent manifest injustice) unless he renews his motion at the close of all the evidence.

We reject the government's waiver argument. The district court did not immediately deny Wahl's motion as was the case in *Sherod*, but *reserved* a decision on Wahl's motion under a 1994 amendment to Rule 29(b). Rule 29(b) as amended allows the district court to defer a motion for judgment of acquittal brought at the end of the government's case in order to "remove the dilemma in those close cases in which the court would feel pressured into making an immediate, and possibly erroneous, decision." *United States v. Byrne*, 203 F.3d 671, 675 (9th Cir.2001) (internal quotation omitted). Specifically, Rule 29(b) provides that a district court

> may reserve decision on a motion for judgment of acquittal, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Fed.R.Crim.P. 29(b). Unlike Rule 29(a), under which the district court either grants or denies a motion for judgment of acquittal and then the case proceeds accordingly, Rule 29(b), as amended, allows the court to reserve the actual ruling until after the case is submitted to the jury. Therefore, the government's reliance on our decision in *Sherod* is misplaced as it pertains to his section 924(c)(1) appeal. Of course, Wahl's section 922(g) motion, having been denied by the district court, is unavailable for review given Wahl's failure to renew that motion at the close of all the evidence, and given no risk of manifest injustice occurring as a result of our decision to preclude review.

Obedient to Rule 29(b), the district court, having reserved ruling on Wahl's motion, took up the motion after the jury returned its verdict even though Wahl never renewed the motion as would be required under Rule 29(a). This case is therefore distinguishable from Rule 29 appeals, such as *Sherod*, in which a defendant has failed to renew his motion and, consequently, the district court never issued a ruling on the motion. In this case the district court actually ruled on the Rule 29 motion. Thus we are not deciding whether a waiver occurs when a defendant fails to renew a reserved motion at the close of all the evidence and the district court does not rule. *Cf. Sherod*, 960 F.2d at 1077. We are instead deciding for the first time whether an appellate court can review a district court's reserved Rule 29(b) decision if the defendant fails to renew the motion but the district court nonetheless takes up the motion and decides it on its own accord.

The Federal Rules are silent as to whether a reserved motion must be renewed. *See* Fed.R.Crim.P. 29. For this reason, we see no basis for penalizing a defendant who appears before an efficient district court judge who returns to a reserved motion without prompting and enters a ruling. We therefore hold that when a defendant moves for judgment of acquittal at the close of the government's case and the court reserves ruling until after the case is submitted to the jury under Rule 29(b), and when the court does, in fact, rule on that motion absent a renewal of that motion at the close of all evidence by the defendant, the defendant is not required to take any additional procedural steps to preserve the issue for appellate review.

We recognize Rule 29(b)'s instruction that any ruling must be decided on the basis of the evidence presented at the

time the ruling was reserved. The district court in this case reserved Wahl's motion at the close of the government's case. Any ruling on that motion, then, should have been made solely on the evidence offered by the government. We see nothing to suggest that the district court did otherwise. In sum, we hold that Wahl's sufficiency of the evidence argument is subject to appellate review as to the possession in furtherance charge.

### B. Sufficiency of the Evidence

■ Although we hold that Wahl's challenge to the sufficiency of the evidence is properly before us as to the section 924(c)(1) charge, upon review of the record we conclude that the challenge fails on the merits. In considering a defendant's challenge to the sufficiency of the evidence, we review the evidence of record *de novo*, considering that evidence in the light most favorable to the government, and affirm a guilty verdict where "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). The evidence in this case survives that review.

Prior to 1998, a defendant violated 18 U.S.C. § 924(c)(1) only if he "use[d] or carrie[d] a firearm" during a crime of violence or drug trafficking. 18 U.S.C. § 924(c)(1) (1994). In applying this statute, courts have employed various tests to evaluate whether a defendant "used" a firearm *during* a drug trafficking crime. We previously applied an "accessibility and proximity" test, and held that a defendant violated section 924(c)(1) if he "puts or keeps the gun in a particular place from which one (or one's agent) can gain access to it if and when needed to facilitate a drug crime." *See United States v. Bailey*, 36 F.3d 106, 115 (D.C.Cir.1994) (en banc).

The Supreme Court reversed our decision, requiring instead evidence "sufficient to show an *active employment* of the firearm by the defendant." *Bailey v. United States*, 516 U.S. 137, 143, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995) (emphasis in original). The Court clarified that a defendant does not violate section 924(c)(1) "merely for storing a weapon near drugs or drug proceeds." *Id.* at 149, 116 S.Ct. at 508.

■ Following the Supreme Court's decision in *Bailey*, Congress amended section 924 to broaden its reach. Section 924(c)(1)(A) now imposes a mandatory five-year consecutive penalty for "any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, *in furtherance of any such crime, possesses a firearm*." 18 U.S.C. § 924(c)(1)(A) (2000) (emphasis added). Wahl argues correctly that even under the amended statute, the mere presence of a firearm at the scene of drug trafficking is insufficient to support a conviction under section 924(c)(1). Wahl continues that because the government failed to produce any evidence suggesting that the presence of the gun in the apartment furthered his drug trafficking crime, his conviction was not supported by sufficient evidence.

■ In order to uphold a conviction for violation of 18 U.S.C. § 924(c)(1), we must first determine whether the government has offered sufficient evidence to support a finding that the defendant knowingly possessed a firearm or ammunition. *Cf. United States v. Gilliam*, 167 F.3d 628, 639 (D.C.Cir.1999). The prosecution offered ample evidence to support a finding that Wahl possessed the firearm recovered from his apartment. While there was no evidence placing the firearm in Wahl's ac-

tual possession; possession may be either actual or constructive. Constructive possession is established with evidence supporting a finding that the defendant "had the ability to exercise knowing 'dominion and control' over the items in question." *United States v. Morris*, 977 F.2d 617, 619 (D.C.Cir.1992) (quoting *United States v. Hernandez*, 780 F.2d 113, 116 (D.C.Cir. 1986)). The evidence before us supports such a finding. First, the firearm was found on top of the entertainment center immediately in front of Wahl when the police first entered his apartment, apparently within his reach. Second, "[a] jury is entitled to infer that a person exercises constructive possession over items found in his home." *Id.* at 620 (citation omitted). While that inference may not alone compel a conclusion that Wahl had constructive possession, given that the firearm was recovered from Wahl's apartment in close proximity to him, the jury had sufficient evidence to support a finding of possession. What remains is to determine if there was sufficient evidence to support a finding that Wahl's possession was "in furtherance of" a drug trafficking crime.

■ Although this is our first occasion to construe the language of the statutory amendment "in furtherance of" a drug trafficking crime, other circuits have addressed the issue, and we find their reasoning useful in our analysis. In *United States v. Ceballos–Torres*, 218 F.3d 409, 414 (5th Cir.2000), the Fifth Circuit identified several factors as helpful in "determin[ing] whether a particular defendant's possession furthers, advances, or helps forward a drug trafficking offense...." *Id.* at 414. These include: the type of drug activity conducted; accessibility of the firearm; type of firearm; whether the firearm is stolen; whether the possession of the firearm is legal or illegal; whether the firearm is loaded; the proximity of the firearm to the drugs or drug profits; and

the time and circumstances under which the firearm is found. *Id.* at 414–15. In *Ceballos–Torres*, the court held that evidence that the police recovered an illegally possessed, loaded, and easily accessible firearm from the defendant's apartment along with a substantial amount of drugs and money, "reasonably support[ed] a finding that [the defendant's] gun protected his drugs and money against robbery" and therefore upheld a jury verdict that the defendant was guilty of possession of a firearm in furtherance of drug trafficking. *Id.* at 415.

In *United States v. Mackey*, 265 F.3d 457 (6th Cir.2001), the Sixth Circuit held that "furtherance" requires that "the weapon must promote or facilitate the crime." *Id.* at 460–61. The court then offered a nonexclusive list of factors helpful to a court distinguishing between "possession in furtherance of a crime" and "innocent possession." *Id.* at 462. The court held it essential that the firearm be "strategically located so that it is quickly and easily available for use," *id.*, and included as relevant factors

> whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found.

*Id.* (citing *Ceballos–Torres*, 218 F.3d at 414–15). We agree with the Fifth and Sixth Circuits that the enumerated factors are useful, and we have applied them in evaluating the sufficiency of the evidence before us.

■ The firearm was on the top shelf of the entertainment center, in front of which Wahl was standing when the police entered. The gun was loaded with nine rounds in the magazine and one in the chamber. The gun was also found in close proximity to 5.6 grams of cocaine base and a small amount of cash. The fact that Wahl was found in possession of 47 bags of

cocaine and another person was found in the bathroom with one bag of cocaine leads to the reasonable inference that the gun was recovered shortly after a drug transaction had taken place. Finally, Wahl possessed the gun illegally. Taken together, this evidence could lead a reasonable jury to infer that the firearm recovered from Wahl's apartment provided a defense or deterrent in furtherance of the drug trafficking for which Wahl was arrested. *See Ceballos–Torres*, 218 F.3d at 415; *see also Mackey*, 265 F.3d at 462–63. We therefore conclude that the government introduced sufficient evidence to support Wahl's conviction for possession of a firearm in furtherance of drug trafficking.

Wahl also sets forth two additional arguments concerning evidence produced at trial and the scope of his closing argument. After careful consideration, we find these additional arguments are not well taken and do not merit further discussion.

### IV. Conclusion

For the reasons stated, Wahl's conviction on all charges is affirmed.