**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**Radcliffe BROWN, Defendant.**

**No. 03 CR. 1255.**

United States District Court,
S.D. New York.

Nov. 19, 2004.

Trial") on the remaining count of the Indictment. Because the Court finds that the Government has proven beyond a reasonable doubt that Brown, during and in relation to a drug trafficking crime, knowingly carried a firearm, and in furtherance of such a crime possessed a firearm, a verdict of guilty will be entered.

Scott Marrah, AUSA, U.S. Attorney's Office, New York, NY, for United States of America, Plaintiff.

Dawn Carti, Law Offices of Dawn Carti, New York, NY, for Brown, Radcliffe [created folder], Defendant(s).

### DECISION AND ORDER

MARRERO, District Judge.

Defendant Radcliffe Brown ("Brown") was charged in a three-count indictment (the "Indictment") alleging that he: (1) unlawfully, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(D); (2) during and in relation to a drug trafficking crime, unlawfully, willfully and knowingly used and carried a firearm, and in furtherance of such a crime possessed a firearm in violation of 18 U.S.C. § 924(c)(1)(A); and (3) after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, unlawfully, willfully and knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1). Brown pleaded guilty to the first and third counts of the Indictment on June 18, 2004.

Brown waived his right to a jury trial and a bench trial was held before this Court on November 9, 2004 (the "Bench

## I. FINDINGS OF FACT

The facts as established at the Bench Trial are as follows.[1] On September 22, 2003, New York City Police Officers Peter Ruis ("Ruis") and Julio Vasquez ("Vasquez") responded to a 911 call that there was an assault in progress at 1309 Seneca Avenue in the Bronx, New York. While the officers were talking with the complaining victim, Brown appeared on the opposite side of the street. The victim pointed to Brown and identified him as the person who assaulted her. Ruis and Vasquez, joined by three other officers, approached Brown, who was carrying a dark blue shopping bag. As the officers came nearer, Brown turned around and began to walk away from them. The officers stopped Brown, and Ruis took the bag out of Brown's hand. Brown was placed under arrest for the assault and was handcuffed.

After being placed under arrest, the officers searched Brown. They recovered a loaded 9mm handgun from Brown's waistband. Both Ruis and Vasquez testified at the Bench Trial that the gun's hammer had been cocked back when it was pulled from Brown's waistband. Brown contested through cross-examination whether the gun was cocked at the time it was recovered. The Court credits the testimony of

---

1. The Court relied on the testimony and exhibits admitted by the Court at the Bench Trial for the facts stated within the Findings of Fact section. Except where specifically referenced, no further citation to these sources will be made. Citations to the transcript are indicated by a "Tr.," and those to exhibits by "Ex."

Ruis and Vasquez, and finds that the 9mm handgun was cocked at the time that it was pulled from Brown's waistband.

Ruis and Vasquez also stated that they found in Brown's pockets several small bags of marijuana, a magazine of bullets for the handgun, and a knife. The blue shopping bag that Brown had been carrying contained nine packages of small, clear, glassine plastic baggies; large, clear plastic baggies; a scale; scissors; and two large, clear plastic bags containing marijuana.

As previously noted, Brown pleaded guilty to Counts One and Three of the Indictment, which was issued against him as a result of this arrest. In his allocution to these Counts, Brown stated that he had a specific intent to distribute the marijuana at the time that he possessed it, and that he possessed the loaded 9mm handgun intentionally and knowingly.[2]

At the Bench Trial on the sole remaining count of the Indictment, Count Two, the Government offered as a part of its case-in-chief the expert testimony of Investigator Billy Ralat ("Ralat"). Ralat testified that the street value of the marijuana that Brown was carrying in the two large bags was between $2,100 and $2,400. Ralat also stated that sellers of narcotics, including marijuana, typically carry firearms to protect themselves and their drugs and money from being robbed by other drug dealers. He explained that such robberies have recently become more common, that drug dealers will pass on information about their competition to "organized groups who take on the information, carry out the robberies and share in the profits with the person who gives them the information." (Tr. at 94.) The Court credits Ralat's expert testimony, and, in light of that testimony and the totality of the evidence presented at trial, finds that Brown was carrying the firearm to protect both himself and his valuable drugs.

## II. *DISCUSSION*

Brown does not contest that he possessed a firearm, nor that he possessed the marijuana with the intent to distribute it. Brown's contention is that there is no evidence that he possessed the firearm *in furtherance of* a drug trafficking crime, or that he knowingly and willfully carried a firearm during and *in relation to* a drug trafficking crime, and thus that the Government cannot establish this element of the charge beyond a reasonable doubt. Put simply, although Brown admits that he was engaged in a drug trafficking crime, specifically possession with intent to distribute marijuana, and that he unlawfully

---

**2.** The transcript of Brown's June 18, 2004 plea allocution states, in pertinent part:

"THE COURT: Let me summarize and clarify with regard to count one. Do I understand correctly that the controlled substance that you indicated, approximately .53 kilograms of marijuana, you possessed, you actually possessed this amount of controlled substances on the date indicated?"

"THE DEFENDANT: Yes, your Honor."

"THE COURT: And that you possessed these drugs intentionally and knowingly?"

"THE DEFENDANT: Yes, your Honor."

"THE COURT: That you had a specific intent to distribute those drugs at the time that you possessed them?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: And you knew that what you possessed was a controlled substance?"

"THE DEFENDANT: Yes, your Honor."

"[THE COURT:] With respect to count three, Mr. Brown, let's go over. You indicated that you possessed a firearm on or about September 22, 2003; is that correct?"

"THE DEFENDANT: Yes, your Honor."

"THE COURT: Did you possess that firearm intentionally and knowingly?"

"THE DEFENDANT: Yes, your Honor."

(Ex. 20 at 15–16; *see* Tr. at 63–67.)

possessed a loaded firearm on his person at the same time, he contends that these crimes were not connected, that the firearm in his waistband could not legally be considered in any way related to the marijuana he possessed and his intent with respect to it. This argument strains reason and controverts the interpretation given by this Circuit to 18 U.S.C. § 924(c)(1)(A) ("Section 924(c)").

## A. *LEGAL STANDARD*

Section 924(c) has two disjunctive prongs. First, a defendant violates the provision if he "(1) used or carried a firearm, (2) did so knowingly, and (3) did so during and in relation to a drug trafficking offense. . . . The third element is satisfied by [the defendant's] conviction . . . for possession with intent to distribute [a controlled substance] in violation of 21 U.S.C. §§ 841(a)(1)." *United States v. Cox*, 324 F.3d 77, 81–82 (2d Cir.2003). As to the first factor, "[n]o one doubts that one who bears arms on his person 'carries a weapon.'" *Muscarello v. United States*, 524 U.S. 125, 130, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998).

Second, Section 924(c) is violated if the defendant possessed a firearm in furtherance of a drug trafficking crime. "Possession of a firearm may be established by showing that the defendant knowingly had the power and the intention at a given time to exercise dominion and control over an object. . . . [T]he requirement in § 924(c)(1) that the gun be possessed in furtherance of a drug crime may be satisfied by a showing of some nexus between the firearm and the drug selling operation." *United States v. Finley*, 245 F.3d 199, 203 (2d Cir.2001) (internal citations, quotations and alterations omitted).[3]

## B. *APPLICATION*

### 1. *The "Use or Carry" Prong*

To satisfy the "use or carry" prong of Section 924(c), the Government has to prove beyond a reasonable doubt that Brown (1) carried a firearm, and (2) did so knowingly, (3) during and in relation to a drug trafficking offense. *See Cox*, 324 F.3d at 81. First, Brown undoubtedly was *carrying* a cocked and loaded 9mm handgun on his person at the time of his arrest. *See Muscarello*, 524 U.S. at 130, 118 S.Ct. 1911. Second, Brown pleaded guilty to Count Three of the indictment, which stated that Brown "unlawfully, willfully, and *knowingly*" possessed the handgun, in satisfaction of the second element of the crime.

As to the third element, the Second Circuit stated in *Cox* that the "during and in relation to" element is satisfied where the defendant is found guilty of possession

---

**3.** Brown contends that the Government has to prove that he was selling drugs on the date and time he was arrested to make out the elements of Section 924(c). (Tr. at 13–14.) The statute requires the Government to prove that the defendant used or carried a firearm during and in relation to a *drug trafficking crime*, or possessed a firearm in furtherance of a *drug trafficking crime*, 18 U.S.C. § 924(c)(1)(A) (emphasis added), not that the defendant was selling drugs on that date, at that time, or in that place. (*See* Tr. at 14.) The statute defines "drug trafficking crime" as including "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et

seq.)." 18 U.S.C. § 924(c)(2). Brown pleaded guilty to violating 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(D), all of which fall within that statutory definition. *See also United States v. Nash*, 876 F.2d 1359, 1362 (7th Cir.1989) (finding that possession with intent to distribute marijuana is a drug trafficking crime for the purposes of Section 924(c)). Moreover, in his plea regarding Counts One and Three of the Indictment, Brown allocuted to having possessed the marijuana in the bags at the time of his arrest with the intent of distributing it. (*See* Tr. at 64; Ex. 20.) Therefore, Brown's contention on this issue is without merit.

with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). *See* 324 F.3d at 81–82. As Brown pleaded guilty to Count One of the Indictment, alleging violations of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(D) for possession with intent to distribute 0.53 kilograms of marijuana, this element is satisfied. Moreover, the facts surrounding Brown's arrest support the conclusion that Brown carried the handgun "during and in relation to a drug trafficking crime." At the time of his arrest, Brown was carrying on his person and in a bag in his hands large, valuable quantities of marijuana, as well as various drug paraphernalia. The Court finds that Brown was carrying the cocked and loaded handgun in his waistband "in relation to" that marijuana, to wit that Brown carried the weapon to protect himself and his drugs. (*See* Tr. at 93–94.) The Second Circuit has affirmed a conviction under the "carry" prong of Section 924(c) given similar factual circumstances. *See United States v. Manigault,* No. 03–1757, 2004 WL 2030019, at *2 (2d Cir. Sept.10, 2004) ("[A] reasonable fact-finder could conclude from the proof, which included the weapon's close physical proximity to the drugs in Manigault's vehicle and Ralat's testimony that robberies of street sellers had become common, prompting drug dealers to carry guns for protection, that there was 'a nexus between the firearm and the underlying ... crime.'" (quoting *United States v. Munoz,* 143 F.3d 632, 637 n. 5 (2d Cir.1998))).

The Court, therefore, finds that Brown carried the 9mm semi-automatic handgun during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

2. *The "Possession" Prong*

█ Furthermore, this Court finds that Brown possessed the handgun in further-

ance of a drug trafficking crime. To satisfy the "possession" prong of Section 924(c), the Government has to prove beyond a reasonable doubt that Brown (1) possessed a firearm (2) in furtherance of a drug trafficking crime. Brown's guilty plea as to Count Three of the indictment, that he unlawfully, willfully and knowingly possessed the loaded 9mm semi-automatic pistol, establishes the first element. Therefore, the only element at issue is whether Brown possessed the firearm "in furtherance of" a drug crime. This standard can be shown by establishing "some nexus between the firearm and the drug selling operation." *Finley,* 245 F.3d at 203.

In *Finley,* the Second Circuit upheld a defendant's conviction under Section 924(c)(1) where the defendant sold drugs out of a kitchen window, and a sawed-off shotgun was found shortly thereafter under a pile of clothes in the kitchen. The court held that "the jury could properly have found that Finley kept the shotgun for protection in proximity to the window from which he sold the drugs." *Id.*

The nexus between the firearm found in Brown's waistband and his "drug selling operation," which was self-contained in his pockets and in a blue plastic shopping bag in his hand, is even more compelling than that in *Finley.* The Court has found that Brown had the firearm in his waistband to protect the valuable drugs in the bag in his hand and on his person. (*See* Tr. at 93–94.) The fact that the gun was cocked and loaded, and was easily accessible in Brown's waistband, further supports the inference that Brown's purpose for possessing the gun was to protect Brown and his drugs "in furtherance of" his admitted drug selling operation. *See, e.g., United States v. Wahl,* 290 F.3d 370, 375–77 (D.C.Cir.2002) (considering several factors to determine whether a firearm was possessed "in furtherance of" a drug traffick-

ing crime, including the accessibility of the firearm, whether possession of the firearm is illegal, whether the firearm is loaded, and the time and circumstances under which the firearm is found).

The Court, therefore, finds that Brown possessed the 9mm semi-automatic handgun in furtherance of a drug trafficking crime in violation of Section 924(c).

## III. CONCLUSION

The Court finds that the Government has established beyond a reasonable doubt all elements of its claims against the defendant, Radcliffe Brown ("Brown"), on Count Two of the indictment herein. Brown is, therefore, found guilty on Count Two, and the Clerk of the Court may enter judgment accordingly.

**SO ORDERED.**