JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has determined that the issues presented occasion no need for oral argument. See D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order denying Ayeni’s Motion for Judgment of Acquittal and the jury’s verdict of guilty be affirmed.
When evaluating a motion for judgment of acquittal and a challenge to the jury’s verdict of guilty, this court will “affirm ... where ‘any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” United States v. Wahl, 290 F.3d 370, 375 (D.C.Cir. 2002) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Here the Government presented sufficient evidence to allow a rational trier of fact to conclude beyond a reasonable doubt Ayeni participated in a scheme to submit fraudulent vouchers to the District of Columbia Superior Court: Ayeni signed out numerous vouchers without reporting any lost or stolen and his wife redeemed several vouchers during the relevant time.
Ayeni argues that certain witnesses are not to be believed but a witness’s credibility is an issue for the jury to decide. United States v. Branham, 515 F.3d 1268, 1273 (D.C.Cir.2008). Ayeni’s argument that certain circumstantial evidence is unreliable is also unavailing because “the prosecution’s evidence is to be viewed in the light most favorable to the government, drawing no distinction between direct and circumstantial evidence.” Id. (citing United States v. Dykes, 406 F.3d 717, 721 (D.C.Cir.2005)). In this case the evidence provides sufficient support for the jury’s conclusion that Ayeni was part of the scheme.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.