ROGERS, Circuit Judge,
concurring in the judgment:
The Double Jeopardy Clause bars any person “subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. It provides three protections, against (1) prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. North Carolina v. *834 Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This case concerns the interaction of the first of those protections with 18 U.S.C. § 924(c), which imposes an additional term of imprisonment for “any person who, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm.”
Appellant relies on Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and United States v. Rosenberg, 888 F.2d 1406 (D.C.Cir.1989), for the proposition that the Double Jeopardy Clause serves a constitutional policy that “protects the accused from repeated litigation of facts underlying a prior acquittal, and from the prosecutor’s desire to secure additional punishment where the government is dissatisfied with the result of the first trial,” Rosenberg, 888 F.2d at 1409 (construing Brown, 432 U.S. at 165-66, 97 S.Ct. 2221). Specifically, appellant contends that his possession of the same gun at the same location on the same date provided the basis for the § 924(c) charges in both the Maryland and D.C. indictments, and that the D.C. charge therefore was barred under the Double Jeopardy Clause. The federal indictment returned in Maryland charged appellant with conspiracy to distribute and possess with intent to distribute (“PWID conspiracy”) cocaine and cocaine base between November 2000 and December 2004 in Maryland, the District of Columbia, and elsewhere, in violation of 21 U.S.C. § 846, use of a communications facility in connection therewith in violation of 21 U.S.C. § 843(b), and using, carrying, and possessing a firearm with respect to that conspiracy, in violation of 18 U.S.C. § 924(c) on September 2, 2004 in Maryland. The federal indictment returned in the District of Columbia charged appellant with a violation of § 841 for possession with intent to distribute (“PWID”) of cocaine on September 2, 2004 in D.C., and a violation of § 924(c) for possession, use, and carrying of a firearm with respect to the PWID. Appellant was acquitted on all charges in Maryland after a jury trial. See Judgement of Acquittal, Edward Kenneth Kelly, United States v. Briscoe, No. 04-0559 (D.Md. May, 12, 2006). Although the Assistant U.S. Attorney in D.C. was unfamiliar with the Maryland charges, the record indicated that the Maryland conspiracy encompassed the same time period as the D.C. charges. Further, appellant claims that the gun at issue was seized by the FBI at appellant’s home in the District of Columbia on September 2, 2004. Thus, the question arose at the plea hearing whether, having lost its case against appellant in Maryland, the United States was pursuing appellant once again in the District of Columbia for the same gun offense of which he had been acquitted in Maryland.
The district court, sua sponte, raised the double jeopardy issue and continued the plea hearing to allow government and defense counsel to examine the issue. After a brief recess, the district court was unable to resolve whether the gun seized from appellant’s home in the District of Columbia by the FBI was the same gun underlying the § 924(c) Maryland charge but concluded that the D.C. § 924(c) charge was not barred by the Double Jeopardy Clause because there were different predicate offenses charged in the Maryland and D.C. indictments, namely the § 846 PWID conspiracy as distinct from the § 841 PWID. This court, relying on United States v. Felix, 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), affirms. Op. at 8. Although I agree that double jeopardy does not bar appellant’s § 924(c) prosecution, Felix, alone, does not decide the question.
Felix was decided when the Supreme Court employed a different definition of “same offence” in the Double Jeopardy Clause for successive prosecutions than for *835 multiple punishments in the same prosecution. In Grady v. Corbin, 495 U.S. 508, 521, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the Supreme Court applied a same-conduct test for successive prosecutions, reasoning that the same-elements (or Blockburger[1]) test, which had been developed in the context of multiple punishments imposed in a single prosecution, was insufficient to account for the constitutional concerns raised by successive prosecutions. 495 U.S. at 518, 110 S.Ct. 2084. Under Grady, “any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted” was barred. Id. at 521, 110 S.Ct. 2084 (citations omitted). Felix simply carved out an exception to Grady for conspiracy offenses, see Felix, 503 U.S. at 390-91, 112 S.Ct. 1377, and reaffirmed the rule that “a substantive crime and a conspiracy to commit that crime are not the ‘same offence’ for double jeopardy purposes,” id. at 389, 112 S.Ct. 1377 (citations omitted).
In appellant’s case, the question is not whether the § 841 PWID charge was barred in light of the prior § 846 PWID conspiracy charge but whether double jeopardy barred the United States from charging appellant with violating § 924(c) twice based on his possession of the same gun on the same day in furtherance of overlapping drug offenses. Under Grady, a remand would be appropriate so that the district court could determine whether the gun-related conduct was the same in the Maryland and D.C. charges. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); United States v. Saro, 24 F.3d 283, 286-87 (D.C.Cir.1994); Op. at 6. Grady was overruled, however, by United States v. Dixon, 509 U.S. 688, 711-12, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), which held that “same offence” in the Double Jeopardy Clause could not mean two different things, and adopted the same-elements test described in Blockburger for both successive prosecutions and punishments, id. at 704, 113 S.Ct. 2849. That test “inquires whether each offense contains an element not contained in the other; if not they are the ‘same offence’ and double jeopardy bars additional punishment and successive prosecution.” Id. at 696, 113 S.Ct. 2849.
Applying the same-elements test requires construction of United States v. Wilson, 160 F.3d 732 (D.C.Cir.1998), and United States v. Finley, 245 F.3d 199 (2d Cir.2001), on which appellant relies. In Wilson, this court held that two § 924(c) violations could not be charged even where the defendant had committed two predicate offenses, so long as there was only one “use” of the firearm. 160 F.3d at 749. In that case, although the predicate offenses did not merge, they could support only one conviction under § 924(c) because they were distinguished only by different mens rea rather than different conduct. Id. After Wilson, Congress broadened § 924(c) to punish possession in furtherance of a predicate offense, in addition to use and carrying. 105 Pub.L. 386, 112 Stat. 3469, (Nov. 13,1998); see also United States v. Wahl, 290 F.3d 370, 375 (D.C.Cir.2002); Wilson, 160 F.3d at 748-49. In Finley, the Second Circuit applied Wilson to the revised § 924(c), and held that “where a defendant is charged with the continuous constructive possession of a firearm in furtherance of a sale of part of a quantity of narcotics, coupled with continued possession of the remainder immediately following a sale,” only one § 924(c) charge can be supported even though mul *836 tiple predicate offenses have been committed. 245 F.3d at 208. The court emphasized that the “predicate offenses were simultaneous or nearly so.” Id. at 207.
Together, Wilson and Finley instruct that under the possession prong of the statute, multiple § 924(c) charges may not be based on nearly simultaneous predicate offenses, and that under the use prong, the United States may charge only as many § 924(c) violations as there are uses. See Finley, 245 F.3d at 208 n. 7. While Wilson and Finley do not hold that double jeopardy bars Congress from authorizing multiple § 924(c) charges based on the same, or nearly the same, conduct, Op. at 8 n. 5, they do construe the statute to authorize only one § 924(c) charge in certain circumstances, even if the defendant has committed more than one predicate offense. In such cases, whether Congress could authorize separate charges is besides the point; a second charge would be for the “same offence” under the Double Jeopardy Clause.
Because the two § 924(c) charges allege appellant’s possession of the firearm in furtherance of two predicate offenses that are separate in time, place, and scope, Op. at 8 n. 5, I concur in the judgment that appellant’s claims under the Double Jeopardy Clause, Federal Rule of Criminal Procedure 11, and for ineffective assistance of counsel each fail. Op. at 8-9. However, because the government prosecuted appellant on the second § 924(c) charge after he was acquitted of the first § 924(c) charge, it is worth noting that appellant does not raise a collateral estop-pel claim under Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). To do so appellant would have needed to show that an issue of fact, relevant to the D.C. charges, was finally determined in the Maryland case, see Ashe, 397 U.S. at 443-44, 90 S.Ct. 1189; see also Dixon, 509 U.S. at 710 n. 15, 113 S.Ct. 2849, and appellant does not maintain that the Maryland jury necessarily grounded its not-guilty PWID conspiracy verdict on a finding that appellant did not possess drugs with intent to distribute them in the District of Columbia, see Ashe, 397 U.S. at 444, 90 S.Ct. 1189.

. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).