UNITED STATES of America, Appellee

v.

Troy Alan LEWIS, Appellant.

No. 07–3143.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 23, 2009.

Rehearing En Banc Denied
March 31, 2009.

Before: SENTELLE, Chief Judge, and BROWN, Circuit Judge, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. It is

**ORDERED** and **ADJUDGED** that the district court's order denying Lewis's motion for a judgment of acquittal, its order admitting evidence under Rules 404(b) and 414 of the Federal Rules of Evidence, and the jury's verdict of guilty be affirmed.

When evaluating a challenge to the jury's verdict of guilty, this court will "affirm ... where '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Wahl,* 290 F.3d 370, 375 (D.C.Cir.2002) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In this case the government presented sufficient evidence to

allow a rational trier of fact to conclude beyond a reasonable doubt that Lewis committed the crimes of attempted coercion and enticement of a minor under 18 U.S.C. § 2422(b) and traveling interstate with the intent to have illicit sexual contact with a minor under 18 U.S.C. § 2423(b). Lewis engaged in lengthy and explicit internet chats with an undercover police officer in which they discussed procuring a (fictional) 10–year old girl for sexual activity. A jury could reasonably conclude Lewis left his home in Maryland and came into the District of Columbia to put this plan into action. These acts provided a sufficient basis for the jury to find, beyond a reasonable doubt, that defendant had the requisite intent, used a facility of interstate commerce, *United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir.2006), and took a substantial step towards the commission of the crime of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). *United States v. Gladish*, 536 F.3d 646, 648–49 (7th Cir. 2008). The evidence was also sufficient to sustain the jury's finding that Lewis traveled interstate with the requisite intent to have illicit sexual contact with a minor in violation of 18 U.S.C. § 2423(b).

The district court's admission of child pornography found in Lewis's bedroom, pursuant to Rules 404(b) and 414 of the Federal Rules of Evidence, was within the court's discretion. The evidence was admissible under both Rule 404(b) and Rule 414. Its probative value was not substantially outweighed by the danger of unfair prejudice, and the decision to admit the evidence was not a "grave abuse of discretion." *United States v. Douglas*, 482 F.3d 591, 601 (D.C.Cir.2007).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.